330 S.E.2d 630 (1985)
C.W. MATTHEWS CONTRACTING COMPANY, INC.
v.
STATE of North Carolina and North Carolina Department of Transportation, Division of Highways.
No. 8412SC813.
Court of Appeals of North Carolina.
June 18, 1985.
*631 Anderson, Broadfoot, Anderson, Johnson & Anderson by John H. Anderson, II, Fayetteville, for plaintiff.
Atty. Gen. Rufus L. Edmisten by Asst. Atty. Gen. Thomas H. Davis, Jr., Raleigh, for defendant.
JOHNSON, Judge.
The question presented for review is whether the trial court erred in granting defendant's motion to dismiss. The resolution of this issue involves the interpretation of the procedural effect of G.S. 136-29.
G.S. 136-29 provides, inter alia,
(a) Upon the completion of any contract for the construction of any State highway awarded by the Department of Transportation to any contractor, if the contractor fails to receive such settlement as he claims to be entitled to under his contract, he may, within 60 days from the time of receiving his final estimate, submit to the State Highway Administrator a written and verified claim for such amount as he deems himself entitled to under the said contract setting forth the facts upon which said claim is based.
(b) As to such portion of the claim as is denied by the State Highway Administrator, the contractor may, within six (6) months from receipt of said decision, institute a civil action by the filing of a verified complaint and issuance of summons in the Superior Court of Wake County or in the superior court of any county wherein the work under said contract was performed. The procedure shall be the same as in all civil actions except as herein and as hereinafter set out.
G.S. 136-29 permits the plaintiff to maintain an action against the State of North Carolina for settlement of money allegedly due pursuant to the highway contract on project number 8.2326309. Plaintiff, as set forth in the statute, must pursue its claim through administrative channels receiving a decision from the State Highway Administrator before it can institute a civil action in Superior Court. If plaintiff is not satisfied with the decision of the State Highway Administrator, the statute permits plaintiff to institute a civil action in Superior Court. Plaintiff must bring the civil action within six months after receiving the decision of the State Highway Administrator. Clearly, the requirement of proceeding first through administrative channels for a resolution of the claim and the requirement that if plaintiff receives an adverse ruling that the suit must be instituted within six months are conditions precedent. G.S. 136-29. These conditions must be satisfied to vest the trial court with jurisdiction to hear the action.
Plaintiff first pursued his claim through the proper administrative channels. It received an adverse ruling on its claim from the State Highway Administrator on 22 January 1981. On 21 July 1981, within six months of receipt of the adverse ruling, plaintiff instituted this civil action by filing a complaint and serving summons. Plaintiff satisfied all the conditions precedent set forth in G.S. 136-29 and as of 21 July 1981, the trial court had jurisdiction to hear plaintiff's claim.
Both parties agree that at this stage of the proceedings the action is properly filed and the trial court has jurisdiction. However, on 12 August 1981, before DOT filed any motions or its answer, plaintiff took a voluntary dismissal pursuant to Rule 41 of the Rules of Civil Procedure. G.S. 1A-1, Rule 41(a)(1) provides that:
Subject to the provisions ... of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the *632 plaintiff rests his case... Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice... If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal. ...
Plaintiff refiled its claim on 11 August 1982, within the one year prescribed by Rule 41 (a)(1). DOT contended that plaintiff, by taking a voluntary dismissal and refiling the action on 11 August 1982, has not satisfied the filing requirement of G.S. 136-29. The trial court concluded that G.S. 136-29 preempted Rule 41 and that plaintiff's action filed on 11 August 1982 failed to meet the conditions precedent of G.S. 136-29. We disagree.
We believe that once the conditions of G.S. 136-29 are satisfied, the trial court is vested with jurisdiction and the action proceeds as any other civil action. Our Courts have previously considered the procedural effect of similar conditions precedent contained in our statutes. G.S. 97-58 sets forth conditions precedent to the filing of a worker's compensation claim. Poythress v. J.P. Stevens, 54 N.C.App. 376, 283 S.E.2d 573 (1981), disc. rev. denied, 305 N.C. 153, 289 S.E.2d 380 (1982). In Poythress, the Court held that the two-year time limitation for filing claims with the Industrial Commission is a condition precedent with which a claimant must comply in order to confer jurisdiction upon the Industrial Commission to hear the claim. Id. 54 N.C.App. at 382, 283 S.E.2d at 577. The Court has also held that the conditions precedent contained in G.S. 97-24 are conditions which must be met to confer jurisdiction upon the Industrial Commission. Therefore, following previous case law, we hold that the conditions precedent contained in G.S. 136-29 are conditions that bestow jurisdiction upon the Superior Court and do not preempt the Rules of Civil Procedure. "The state, once it has consented to suit, occupies the same position as any other litigant." Barrus Construction Co. v. N.C. Dept. of Transportation, 72 N.C.App. 700, 324 S.E.2d 1 (1984). This Court in Barrus held that G.S. 1A-1, Rule 4 applies to civil actions filed pursuant to G.S. 136-29. "No special attention to this rule [Rule 4] appears for suits against the state, nor does this civil action appear to be any different from other civil actions." Id. The same holds true in the case sub judice.
The conditions of G.S. 136-29 satisfied, the trial court had jurisdiction of plaintiff's claim and the action was to proceed as any other civil action. In a civil action, plaintiff, before resting his case, may as a matter of right take a voluntary dismissal and refile its action within one year. Cutts v. Casey, 278 N.C. 390, 180 S.E.2d 297 (1971). Plaintiff, in the present case, exercised that option and was properly before the trial court.
The judgment of the trial court granting defendant's motion to dismiss was error and must be reversed.
Reversed.
WHICHARD and EAGLES, JJ., concur.