E. F. BLANKENSHIP COMPANY v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION; WILLIAM R. ROBERSON, JR., SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION; AND NORTH CAROLINA STATE HIGHWAY, ADMINISTRATOR, BILLY ROSE

No. 8510SC709

(Filed 18 February 1986)

**Highways and Cartways § 9— action to recover for highway construction — claim improperly filed — complaint dismissed**

Where plaintiff alleged that it had not received compensation properly due under a highway construction contract and filed a claim pursuant to N.C.G.S. § 136-29, but plaintiff's verification was not filed with its first claim and the second claim was not received within the statutorily prescribed period, plaintiff failed to fulfill a condition precedent to maintaining its action in superior court and its complaint was properly dismissed.

Judge BECTON dissenting.

APPEAL by the plaintiff from *Bailey, Judge.* Judgment entered 26 February 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 3 December 1985.

The plaintiff entered into a highway construction contract with the North Carolina Department of Transportation. On 12 March 1984, after completion of the project, the plaintiff received payment of its final estimate from the Department. The plaintiff, alleging that it had not received the compensation properly due under the contract, filed a claim pursuant to G.S. 136-29.

The plaintiff's office manager assembled and mailed the claim on 9 May 1984, but "inadvertently failed to attach" the plaintiff's president's affidavit verifying the claim. After the State Highway Administrator received the claim on 10 May 1984 he responded that the claim could not be considered because it was not verified as required by G.S. 136-29. The plaintiff then submitted an amended claim, which was another copy of the original claim with the affidavit attached. This amended claim was received on 21 May 1984. In a letter of 22 May 1984 the State Highway Administrator stated that the plaintiff's claim could not be considered because the first claim was not verified and the second claim was not received within the statutory time period.

The plaintiff filed this action which was dismissed by the superior court. The plaintiff appealed.

E. F. Blankenship Co. v. N. C. Dept. of Transportation

*Blanchard, Tucker, Twiggs, Earls & Abrams, by Charles F. Blanchard and Donald R. Strickland, for plaintiff appellant.*

*Attorney General Lacy H. Thornburg, by Senior Deputy Attorney General Eugene A. Smith and Assistant Attorney General Evelyn M. Coman, for defendant appellee.*

WEBB, Judge.

This action was brought pursuant to G.S. 136-29 which provides in part:

> (a) Upon the completion of any contract for the construction of any State highway awarded by the Department of Transportation to any contractor, if the contractor fails to receive such settlement as he claims to be entitled to under his contract, he may, within 60 days from the time of receiving his final estimate, submit to the State Highway Administrator a written and verified claim for such amount as he deems himself entitled to under the said contract setting forth the facts upon which said claim is based . . . .
>
> (b) As to such portion of the claim as is denied by the State Highway Administrator, the contractor may, within six (6) months from receipt of said decision, institute a civil action for such sum as he claims to be entitled to under said contract by the filing of a verified complaint and issuance of summons in the Superior Court of Wake County or in the superior court of any county wherein the work under said contract was performed. . . .
>
> . . . .
>
> (d) The submission of the claim to the State Highway Administrator within the time and as set out in subsection (a) of this section and the filing of an action in the superior court within the time as set out in subsection (b) of this section . . . shall be a condition precedent to bringing such an action under this section and shall not be a statute of limitations.
>
> (e) The provisions of this section shall be deemed to enter into and form a part of every contract entered into between the Department of Transportation and any contractor, and no provision in said contracts shall be valid that is in conflict herewith.

E. F. Blankenship Co. v. N. C. Dept. of Transportation

The sole issue is whether the plaintiff's first claim, received on 10 May 1984, was "written and verified" within the meaning of G.S. 136-29(a) so that the plaintiff fulfilled a condition precedent to bringing this action in superior court.

The express language of G.S. 136-29(a) provides that a contractor may "within 60 days from the time of receiving his final estimate, submit to the State Highway Administrator a *written and verified claim . . . .*" (Emphasis added.) G.S. 136-29(d) then clearly states that "submission of the claim to the State Highway Administrator within the time and *as set out in subsection (a) . . .* shall be a condition precedent to bringing such an action under this section . . . ." (Emphasis added.) Therefore, to satisfy G.S. 136-29 the contractor must submit a claim, accompanied by evidence of verification, within the statutory time limit.

Because the plaintiff's verification was not filed with the first claim and the second claim was not received within the prescribed period, the plaintiff failed to fulfill a condition precedent to maintaining its action in superior court and the plaintiff's complaint was properly dismissed.

The plaintiff argues that it complied with the statute because the claim was both written and verified within the statutory period. It contends the claim had been verified at the time it was filed on 10 May 1984 although the verification was not filed with the claim. We believe the plain words of the statute require that the verification be filed with the claim.

Affirmed.

Judge BECTON dissents.

Judge COZORT concurs.

Judge BECTON dissenting.

North Carolina General Statutes Section 136-29(a) (1981) clearly requires that the claim be written and verified at the time it is submitted and that it be submitted within sixty days. In my opinion, however, the statute does not clearly require that proof of verification, as a separate document or as part of the claim, be

submitted with the claim itself. No one seems to dispute that the claim was, in fact, verified on 9 May 1984, before it was submitted the first time. Indeed, the 9 May 1984 certified letter to defendant Department of Transportation states in the first sentence that plaintiff is "submitting a written *and verified* claim setting forth the facts upon which it is based." (Emphasis added.) Because all the evidence suggests that the claim was verified when it was first submitted, and because the Commission was in no way prejudiced (having notice that a claim that had been verified was pending), I vote to reverse the trial court and allow the claim to be heard.