CHARLOTTE M. FOWLER, EXECUTRIX OF THE ESTATE OF RONALD W. FOWLER, DECEASED, PLAINTIFF v. WENDELL WORSLEY, R.N., IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOANN EVERTON, R.N., IN HER INDIVIDUAL AND OFFICIAL CAPACITY; ANDREA J. BOWERS, R.N. (FORMERLY KNOWN AS ANDREA KOZAK, R.N.), IN HER INDIVIDUAL AND OFFICIAL CAPACITY; EDNA JACKSON, R.N., IN HER INDIVIDUAL AND OFFICIAL CAPACITY; BETTY WOOTEN, R.N., IN HER INDIVIDUAL AND OFFICIAL CAPACITY; CARRIE PENDER, R.N., IN HER INDIVIDUAL AND OFFICIAL CAPACITY; PATRICIA MELTON, L.P.N., IN HER INDIVIDUAL AND OFFICIAL CAPACITY; NORMA PEARSON, R.N., IN HER INDIVIDUAL AND OFFICIAL CAPACITY; AND ANWAR A. SINNO, M.D., IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, DEFENDANTS

No. COA02-1025

(Filed 20 May 2003)

**Statutes of Limitation and Repose— medical malpractice— amendment of complaint—relation back**

Plaintiff's medical malpractice claim against defendant-doctor was not barred by the statute of limitations and the trial court correctly denied defendant's motion to dismiss. Defendant argued that the amended complaint which added him to the action was outside the statute of limitations because it only stated a claim against him in his official capacity and so did not relate back to the original complaint. However, the amended complaint sought relief from the named nurses and doctors jointly and severally and stated that a separate action was being pursued against the hospital.

On writ of certiorari by defendant Anwar A. Sinno, M.D. to review order filed 3 April 2002 by Judge Milton Frederick Fitch, Jr. in Wilson County Superior Court. Heard in the Court of Appeals 23 April 2003.

*J. Michael Weeks, P.A., by J. Michael Weeks, for plaintiff appellee.*

*Herrin & Morano, by Mark R. Morano, for defendant-appellant Anwar A. Sinno, M.D.*

BRYANT, Judge.

Anwar A. Sinno, M.D. (defendant) seeks review, upon writ of certiorari granted by this Court pursuant to Rule 21(a)(1) of the North Carolina Rules of Appellate Procedure, of an interlocutory order entered 3 April 2002 denying his motion to dismiss a medical malpractice claim filed against defendant in his individual capacity.[1]

On 18 November 1999, plaintiff Charlotte M. Fowler, executrix of the estate of Ronald W. Fowler (Fowler), filed a medical malpractice action against employees of the North Carolina Special Care Center (NCSCC) for Fowler's death. Plaintiff subsequently filed an amended complaint (the amended complaint) on 21 March 2000, adding defendant to the list of defendants. The amended complaint alleged in pertinent part that:

> 3. NCSCC is an agency of the North Carolina Department of Health and Human Services, Division of Mental Health, Developmental Disabilities and Substance Abuse Services, and . . . [p]laintiff is informed and believes that it is licensed as a "Hospital" under the *Hospital Licensure Act*, Article 5, Sections 131E-75, et seq., General Statutes of North Carolina.
>
> . . . .
>
> 87. . . . Defendant . . . was employed by NCSCC and/or a member of its Medical Staff . . . and in his capacity as an employee of

---

1. Defendant initially appealed the trial court's order arguing it was immediately appealable because it involved the substantial right of sovereign immunity. *See Peverall v. County of Alamance,* 154 N.C. App. 426, 429, 573 S.E.2d 517, 519 (2002) ("[w]here the appeal from an interlocutory order raises issues of sovereign immunity . . . [it] affect[s] a substantial right sufficient to warrant immediate appellate review"), *disc. review denied,* 356 N.C. 676, —— S.E.2d — (2003); *see also Thompson v. Norfolk S. Ry. Co.,* 140 N.C. App. 115, 121, 535 S.E.2d 397, 401 (2000) (the denial of a motion to dismiss is not immediately appealable without showing a substantial right is affected). Defendant's appeal, however, does not raise the issue of sovereign immunity. Instead, it requires application of the statute of limitations based on a determination of whether defendant was initially sued in his individual capacity. Accordingly, defendant's appeal would be subject to dismissal absent certiorari under Rule 21 as granted by this Court.

NCSCC and/or as a member of its Medical Staff he provided medical care to [Fowler] as an inpatient at NCSCC.

    . . . .

    89. The professional acts of malpractice by . . . [d]efendant . . . were a proximate cause of the injuries to [Fowler] . . . which resulted in his death on November 22, 1997.

    . . . .

    91. On November 17, 1999, . . . [p]laintiff filed a claim under the *Tort Claims Act* to recover damages for the wrongful death of [Fowler] caused by the medical malpractice of the employee staff nurses of the [NCSCC] while providing health care for [Fowler] from August 8 through August 14, 1997.

In the amended complaint's prayer for relief, plaintiff asked to recover damages "jointly and severally" from the named defendants, none of whom included NCSCC.

Defendant filed a motion dated 20 October 2000 to dismiss the amended complaint based on the doctrine of sovereign immunity, alleging plaintiff had only sued defendant in his official capacity. Plaintiff responded on 30 October 2000 by filing a voluntary dismissal of her malpractice action pursuant to North Carolina Rule of Civil Procedure 41(a)(1). Plaintiff re-filed her action on 27 September 2001, specifically stating claims against defendant in both his individual and official capacity. This complaint was further amended on 16 November 2001. Defendant again moved to dismiss the complaint, arguing (1) the doctrine of sovereign immunity barred plaintiff's action against defendant in his official capacity and (2) the statute of limitations barred any action against defendant in his individual capacity because the amended complaint in the first action did not state an individual-capacity claim and thus the re-filed complaint did not relate back to the amended complaint. In two separate orders filed 3 April 2002, the trial court granted defendant's motion to dismiss as to claims against defendant in his official capacity but denied the motion as to claims against him in his individual capacity.

The dispositive issue is whether the amended complaint adding defendant stated a claim against him in his individual capacity so as to allow plaintiff's re-filed complaint to relate back and not be barred by the statute of limitations. Defendant argues the amended com-

plaint only stated a claim against defendant in his official capacity and, therefore, the trial court erred in denying his motion to dismiss in its entirety. We disagree.

Plaintiffs are cautioned to clearly state in their complaint the capacity in which a defendant is sued. *See Mullis v. Sechrest*, 347 N.C. 548, 554, 495 S.E.2d 721, 724 (1998); *Reid v. Town of Madison*, 137 N.C. App. 168, 171, 527 S.E.2d 87, 90 (2000); *Johnson v. York*, 134 N.C. App. 332, 336, 517 S.E.2d 670, 672 (1999); *Warren v. Guilford County*, 129 N.C. App. 836, 839, 500 S.E.2d 470, 472 (1998). When a complaint lacks such clarity, " 'it is appropriate for the court to either look to the allegations contained in the complaint to determine [the] plaintiff's intentions or assume that the plaintiff meant to bring the action against the defendant in his or her official capacity.' " *Mullis*, 347 N.C. at 552, 495 S.E.2d at 723 (citation omitted).

> "The crucial question for determining whether a defendant is sued in an individual or official capacity is the nature of the relief sought . . . . If money damages are sought, the court must ascertain whether the complaint indicates that the damages are sought from the government or from the pocket of the individual defendant. If the former, it is an official-capacity claim; if the latter, it is an individual-capacity claim; and if it is both, then the claims proceed in both capacities."

*Id.* (citation omitted). In *Mabrey v. Smith*, this Court further held that where the complaint did not include as a defendant the state-run entity for which the named defendant worked and did not attempt to reach the pockets of the State, the plaintiff had only stated an individual-capacity claim. *Mabrey v. Smith*, 144 N.C. App. 119, 124, 548 S.E.2d 183, 187 (noting that in the line of cases finding only official-capacity claims based on *Mullis* the governmental entities had been included as parties in the complaint), *disc. review denied*, 354 N.C. 219, 554 S.E.2d 340 (2001).

In this case, plaintiff did not list NCSCC as a defendant in her amended complaint, and the prayer for relief only sought to recover damages jointly and severally from the nurses and doctors named in the complaint. *See id.* (listing same factors as grounds for determining claim was an individual-capacity claim). Moreover, the amended complaint specifically stated that plaintiff was pursuing a separate action against NCSCC under the Tort Claims Act. We thus conclude that plaintiff's amended complaint sought to recover from defendant

**FOWLER v. WORSLEY**

[158 N.C. App. 128 (2003)]

in his individual capacity only. As such, the trial court did not err in denying defendant's motion to dismiss as to any claims against him in his individual capacity.

Affirmed.

Judges TIMMONS-GOODSON and GEER concur.