NELLO L. TEER COMPANY, PLAINTIFF v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, DEFENDANT

No. COA04-1615

(Filed 7 February 2006)

**Appeal and Error— appealability—road construction—complaint verification—statute of limitations—conditions precedent**

An appeal was dismissed as interlocutory where plaintiff brought an unverified complaint seeking additional compensation in a road construction contract, plaintiff's motion to amend its complaint to add the verification was granted after the statute of limitations had run, with the verification relating back

to the date the complaint was filed, and DOT appealed from that order. The General Assembly amended N.C.G.S. § 136-29 to delete the provision specifying that time limits were conditions precedent, and thus expressed its intent that the time limits would cease to be conditions precedent and would constitute statutes of limitation. Orders denying motions to dismiss based upon the statute of limitations are interlocutory and not immediately appealable.

Appeal by defendant from order entered 31 August 2004 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 15 June 2005.

*Vandeventer Black, LLP, by David P. Ferrell, Patrick A. Genzler, and Norman W. Shearin, for plaintiff-appellee.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Fred Lamar and Assistant Attorney General Steven A. Armstrong, for defendant-appellant.*

GEER, Judge.

Defendant North Carolina Department of Transportation ("DOT") appeals from the order of the trial court that allowed plaintiff Nello L. Teer Company ("Teer") to amend its complaint to add a verification and denied DOT's motion to dismiss. DOT argues that it is entitled to bring this interlocutory appeal because the trial court's ruling implicates its sovereign immunity. Even assuming, without deciding, that a failure to comply with the statutory requirements of N.C. Gen. Stat. § 136-29 (2005) violates the State's sovereign immunity, the effect of the General Assembly's amendment to § 136-29 in 1987 was to make the time limitations in that statute a statute of limitations and not a condition precedent to suit. As such, any failure to comply with § 136-29's time limits does not implicate the State's sovereign immunity, but rather requires application of the law governing statutes of limitations. Accordingly, we dismiss DOT's appeal.

---

Teer won a contract from DOT for the construction of certain road improvements to Interstate 85 from the Orange County line east to Cole Mill Road in Durham. The construction was complete on 6 June 1999, and DOT paid the final estimate for the work done on 17 May 2003. On 15 July 2003, Teer submitted a verified claim to DOT seeking an adjustment to the final estimate and payment in accordance with N.C. Gen. Stat. § 136-29(a). The State Highway Adminis-

trator evaluated the claim and, in a letter dated 3 November 2003, denied Teer's claim for additional compensation.

On 11 December 2003, Teer filed an unverified complaint against DOT for the additional compensation in Wake County Superior Court. On 12 February 2004, DOT filed an answer that asserted a defense of sovereign immunity generally, but did not specifically address the failure of Teer to verify its complaint under N.C. Gen. Stat. § 136-29(c). On 25 May 2004, after the time limitation in § 136-29(c) had run, DOT filed a motion to dismiss the complaint based on Teer's failure to file a verification within the time prescribed by the statute. In response, Teer filed a motion, pursuant to Rule 15 of the Rules of Civil Procedure, for leave to amend its complaint to add a verification.

A hearing was held on the two motions before Judge Howard E. Manning, Jr. on 11 August 2004. In his order entered 31 August 2004, Judge Manning denied DOT's motion to dismiss, granted Teer's motion to amend its complaint, and ordered that the verification relate back to the date the complaint was originally filed. DOT filed a notice of appeal from the trial court's order on 16 September 2004. Teer has moved to dismiss that appeal as interlocutory.

An interlocutory order is an order made during the pendency of an action that does not dispose of the case, but rather requires further action by the trial court to finally determine the rights of all the parties involved in the controversy. *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). Generally, there is no right to appeal from an interlocutory order unless (1) the trial court made the required certification under Rule 54 of the Rules of Civil Procedure, or (2) the order affects a substantial right that would be lost without immediate review. *Eckard v. Smith*, 166 N.C. App. 312, 316, 603 S.E.2d 134, 137-38 (2004), *aff'd per curiam*, 360 N.C. 51, 619 S.E.2d 503 (2005).

DOT argues that the trial court's ruling on the two motions affects DOT's sovereign immunity. Our appellate courts have consistently recognized that "[w]here the appeal from an interlocutory order raises issues of sovereign immunity . . . such appeals affect a substantial right sufficient to warrant immediate appellate review." *Peverall v. County of Alamance*, 154 N.C. App. 426, 429, 573 S.E.2d 517, 519 (2002), *disc. review denied*, 356 N.C. 676, 577 S.E.2d 632 (2003). DOT contends, without citing any authority, that its "appeal is squarely based upon the defense of sovereign immunity. Allowing

Teer to proceed with its suit without compliance with N.C. Gen. Stat. § 136-29, which must be strictly construed, violates NCDOT's sovereign immunity."

We do not find this assertion as obvious as DOT does. We note that the State has waived its sovereign immunity with respect to claims against DOT arising from construction contracts by enacting N.C. Gen. Stat. § 136-29. We also acknowledge that because "acts permitting suit are in derogation of the sovereign right of immunity, . . . they should be strictly construed." *Floyd v. N.C. State Highway & Pub. Works Comm'n*, 241 N.C. 461, 464, 85 S.E.2d 703, 705 (1955).

Nonetheless, it does not necessarily follow that, once an act permits suit, any failure to comply with that statute gives rise to a defense of sovereign immunity as opposed to simply no recovery or other defenses, such as a lack of subject matter jurisdiction, a failure to exhaust administrative remedies, or a violation of the statute of limitations. *See, e.g., Middlesex Constr. Corp. v. State*, 307 N.C. 569, 575, 299 S.E.2d 640, 644 (1983) (holding that when the plaintiff failed to comply with N.C. Gen. Stat. § 143-135.3 (Supp. 1981), the trial court should have dismissed the case "for lack of jurisdiction"). At the very least, DOT's proposition—fundamental to its right to bring this interlocutory appeal—requires citation of authority. We need not, however, resolve this question since even if we assume, without deciding, that DOT has a right to appeal, its argument regarding the trial court's subject matter jurisdiction—the lynchpin for its invocation of sovereign immunity—fails.

DOT's analysis presumes that the failure to file a verified complaint within the time limitation set forth in N.C. Gen. Stat. § 136-29 deprives the trial court of subject matter jurisdiction because the time limit is a condition precedent and not a statute of limitations. As our Supreme Court has explained, "[o]rdinary statutes of limitation are clearly procedural, affecting only the remedy directly and not the right to recover," while "a condition precedent establishes a time period in which suit must be brought in order for the cause of action to be recognized." *Boudreau v. Baughman*, 322 N.C. 331, 340-41, 368 S.E.2d 849, 857 (1988). With respect to conditions precedent, if the plaintiff does not file suit within the specified time frame, "the plaintiff 'literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress.' " *Id.* at 341, 368 S.E.2d at 857 (quoting *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 199, 293 A.2d 662, 667 (1972)). Thus, although conditions precedent and statutes of limitations both

involve time limitations, they are different in that a condition precedent must be met before the court acquires jurisdiction, whereas a violation of a statute of limitations does not implicate the court's power to hear the case.

N.C. Gen. Stat. § 136-29(c) specifies:

As to any portion of a claim that is denied by the State Highway Administrator, the contractor may, in lieu of the procedures set forth in subsection (b) of this section, *within six months* of receipt of the State Highway Administrator's final decision, institute a civil action for the sum he claims to be entitled to under the contract by *filing a verified complaint* and the issuance of a summons in the Superior Court of Wake County or in the superior court of any county where the work under the contract was performed. The procedure shall be the same as in all civil actions except that all issues shall be tried by the judge, without a jury.

*Id.* (emphases added). In arguing that this statute involves a condition precedent, DOT relies upon *C.W. Matthews Contracting Co. v. State*, 75 N.C. App. 317, 330 S.E.2d 630 (1985) and *E.F. Blankenship Co. v. N.C. Dep't of Transp.*, 79 N.C. App. 462, 339 S.E.2d 439 (1986), *aff'd per curiam by evenly divided court*, 318 N.C. 685, 351 S.E.2d 293 (1987).

DOT is correct that in *C.W. Matthews*, 75 N.C. App. at 319, 330 S.E.2d at 631, this Court held that the requirements under § 136-29 "are conditions precedent" that "must be satisfied to vest the trial court with jurisdiction to hear the action." Similarly, in *E.F. Blankenship*, 79 N.C. App. at 464, 339 S.E.2d at 440-41, the Court affirmed the dismissal of a complaint filed without a verification—even though the plaintiff subsequently filed an amended complaint with a verification—because the filing of a verification within six months was "a condition precedent to bringing this action in superior court."

Both opinions, however, construed a prior version of N.C. Gen. Stat. § 136-29, which expressly provided that its time requirements were conditions precedent to bringing an action. The statute, as it existed at the time of those two opinions, read in pertinent part:

The submission of the claim to the State Highway Administrator within the time and as set out in subsection (a) of this section and the filing of an action in the superior court within the time as set

out in subsection (b) of this section . . . *shall be a condition precedent to bringing such an action under this section and shall not be a statute of limitations.*

N.C. Gen. Stat. § 136-29(d) (1986) (emphasis added), *amended by* 1987 Sess. Laws ch. 847, sec. 3.[1]

In 1987, the year following *E.F. Blankenship*, the statute was amended to its current version. As part of that amendment, the General Assembly removed the language specifying that the time limitations constituted conditions precedent and not statutes of limitations. Traditional principles of statutory construction provide that " '[i]n construing a statute with reference to an amendment, it is presumed that the Legislature intended either (1) to change the substance of the original act or (2) to clarify the meaning of it.' " *Spruill v. Lake Phelps Volunteer Fire Dep't, Inc.*, 351 N.C. 318, 323, 523 S.E.2d 672, 676 (2000) (quoting *Colonial Pipeline Co. v. Neill*, 296 N.C. 503, 509, 251 S.E.2d 457, 461 (1979)). This Court has further explained that "[w]hile the presumption is that the legislature intended to change the law through its amendments, where the language of the original statute is ambiguous such amendments may be deemed, not as a change in the law, but as a clarification in the language expressing that law." *N.C. Elec. Membership Corp. v. N.C. Dep't of Econ. and Cmty. Dev.*, 108 N.C. App. 711, 720, 425 S.E.2d 440, 446 (1993).

Here, the pre-1987 version of N.C. Gen. Stat. § 136-29(d) was clear and unambiguous. There was nothing to clarify; the plain language of the statute spoke for itself. Thus, we hold that the General Assembly, in 1987, intended to change the law. As other jurisdictions have recognized, if the legislature deletes specific words or phrases from a statute, it is presumed that the legislature intended that the deleted portion should no longer be the law. *See, e.g., Joe v. Lebow*, 670 N.E.2d 9, 19 (Ind. Ct. App. 1996) ("When a statute contains language which is deleted by the legislature, we presume that the legislature intended the deletion to represent a change in the law."); *State v. Eversole*, 889 S.W.2d 418, 425 (Tex. App. 1994) ("[W]hen the legislature amends a particular statute and omits certain language of the former statute in its amended version, the legislature specifically intended that the omitted portion is no longer the law. Every word

---

1. That version of N.C. Gen. Stat. § 136-29(b) provided for the filing of a verified complaint in superior court within six months of receipt of the State Highway Administrator's decision.

excluded from a statute must be presumed to have been excluded for a reason.").

We find the reasoning of these and similar decisions persuasive and hold that the General Assembly, by deleting the provision specifying that the time limitations were conditions precedent, expressed its intent that the time limits would cease to be conditions precedent and, instead, would constitute statutes of limitations. Any other conclusion would mean that this aspect of the 1987 amendment was without purpose, and it is well established in this State that amendments are presumed not to be without purpose. *Town of Pine Knoll Shores v. Evans*, 331 N.C. 361, 366, 416 S.E.2d 4, 7 (1992) ("[W]e follow the maxims of statutory construction that words of a statute are not to be deemed useless or redundant and amendments are presumed not to be without purpose.").

Since the time limitations of N.C. Gen. Stat. § 136-29 are not conditions precedent, the question before the trial court was whether Teer's claim was barred by the statute of limitations. Our appellate courts have specifically recognized that a statute of limitations defense does not implicate the State's sovereign immunity. *See Estate of Fennell v. Stephenson*, 354 N.C. 327, 334, 554 S.E.2d 629, 633 (2001) (distinguishing between arguments based on sovereign immunity and the statute of limitations); *Fowler v. Worsley*, 158 N.C. App. 128, 129 n.1, 580 S.E.2d 74, 75 n.1 (2003) ("Defendant's appeal, however, does not raise the issue of sovereign immunity. Instead, it requires application of the statute of limitations . . . .").

Orders denying motions to dismiss based upon the statute of limitations are interlocutory and not immediately appealable. *Thompson v. Norfolk Southern Ry. Co.*, 140 N.C. App. 115, 120-21, 535 S.E.2d 397, 401 (2000). Likewise, appeals from orders allowing motions to amend are interlocutory and subject to dismissal. *Howard v. Ocean Trail Convalescent Center*, 68 N.C. App. 494, 496, 315 S.E.2d 97, 99 (1984). Since DOT has not identified any other substantial right that would be lost if this Court does not review the denial of its motion to dismiss or the granting of the motion to amend, we dismiss this appeal. Apart from our holding regarding N.C. Gen. Stat. § 136-29, we express no opinion as to the merits of DOT's appeal of the trial court's order.

Appeal dismissed.

Judges CALABRIA and ELMORE concur.