IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-657

 No. COA20-923

 Filed 7 December 2021

 North Carolina Industrial Commission, No. 15-006996

 ANGELA MCAULEY, Widow of STEVEN L. MCAULEY, Deceased employee,
 Plaintiff-Appellant,

 v.

 NORTH CAROLINA A&T STATE UNIVERSITY, Employer, and

 SELF-INSURED (CORVEL CORPORATION, Third-Party Administrator),
 Defendant-Appellee.

 Appeal by Plaintiff-Appellant from Opinion and Award entered 28 August

 2020 by the North Carolina Industrial Commission. Heard in the Court of Appeals

 22 September 2021.

 Daggett Shuler, by Griffis C. Shuler, for Plaintiff-Appellant.

 Attorney General Joshua H. Stein, by Assistant Attorney General Brittany K.
 Brown, for Defendant-Appellee.

 CARPENTER, Judge.

¶1 Plaintiff appeals from an opinion and award of the North Carolina Industrial

 Commission concluding that it lacked jurisdiction to hear Plaintiff’s claim on its

 merits. For the following reasons, we affirm the North Carolina Industrial

 Commission lacks jurisdiction to hear Plaintiff’s claim on the merits.
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 Opinion of the Court

 I. Factual and Procedural Background

¶2 On 30 January 2015, Mr. Steven McAuley (“Decedent”) suffered an injury to

 his back while employed by North Carolina A&T State University (“Defendant”). On

 11 February 2015, Decedent filed a Form 18, Notice of Accident to Employer and

 Claim of Employee. On 21 February 2015, Decedent passed away, leaving behind a

 dependent widow, Mrs. Angela McAuley (“Plaintiff”). On 16 March 2015, Defendant

 filed a Form 63 and thereafter paid temporary total disability compensation and

 medical compensation to Decedent. “Within a couple of weeks” of Decedent’s death,

 Plaintiff attended a meeting with representatives from Defendant’s human resources

 department to sign papers related to insurance policies and an accidental death

 insurance policy. Plaintiff testified that at the time, she believed she was signing all

 the paperwork related to Decedent’s death and the benefits she was entitled to.

¶3 On 18 January 2018, almost three years after the death of Decedent, Plaintiff

 filed a Form 33 Request that Claim be Assigned for Hearing with the North Carolina

 Industrial Commission (“Industrial Commission”) seeking death benefits. On 15 May

 2018, Defendant filed a Form 33R Response to Request that Claim be Assigned for

 Hearing, asserting the Industrial Commission “lack[ed] jurisdiction to hear any death

 claim brought by the next of kin as the same was not timely filed under [N.C. Gen.

 Stat.] § 97-24.” Defendant also filed a motion to dismiss Plaintiff’s death claim as

 time barred under N.C. Gen. Stat. § 97-24 (2017) and § 97-22 (2017).
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 Opinion of the Court

¶4 On 30 July 2018, Deputy Commissioner Tyler Younts entered an order holding

 Defendant’s motion to dismiss in abeyance. The order also bifurcated the parties’

 hearing, separating the issue of the Industrial Commission’s jurisdiction in the case

 from the issue of the proximate cause of Decedent’s death. On 31 October 2018,

 Deputy Commissioner Younts filed an Opinion and Award denying Plaintiff’s claim

 for death benefits with prejudice, concluding as a matter of law the Industrial

 Commission did not acquire jurisdiction of Plaintiff’s death claim, as Plaintiff had not

 timely filed.

¶5 On 13 November 2018, Plaintiff appealed the 31 October 2018 Opinion and

 Award. On 28 August 2020, the Full Commission1 of the Industrial Commission filed

 its Opinion and Award again denying Plaintiff’s claim and dismissing the claim with

 prejudice. Industrial Commission Chair Phillip A. Baddour, III dissented from the

 Opinion and Award of the Full Commission in a separate opinion. On 23 September

 2020, Plaintiff filed her notice of appeal to this Court.

 II. Jurisdiction

¶6 Jurisdiction lies in this Court as a matter of right over a final judgment from

 the North Carolina Industrial Commission pursuant to N.C. Gen. Stat. § 7A-29(a)

 (2019).

 A party disputing the decision of the Commission may appeal to the Full
 1

 Commission. N.C. Gen. Stat. § 97-87(c)(5) (2019).
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 Opinion of the Court

 III. Issues

¶7 The issue on appeal is whether a deceased employee’s filed claim qualifies as a

 dependent’s “filing” for purposes of N.C. Gen. Stat. § 97-24.

 IV. Standard of Review

¶8 The standard for appellate review of an opinion and award of the Industrial

 Commission is limited to “(1) whether the findings of fact are supported by competent

 evidence, and (2) whether the conclusions of law are supported by the findings.”

 Barham v. Food World, Inc., 300 N.C. 329, 331, 266 S.E.2d 676, 678, reh’g denied, 300

 N.C. 562, 270 S.E.2d 105 (1980). “The findings of fact by the Industrial Commission

 are conclusive on appeal if supported by . . . competent evidence.” Adams v. AVX

 Corp., 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). The Industrial Commission’s

 conclusions of law are reviewed de novo. Allen v. Roberts Elec. Contrs., 143 N.C. App.

 55, 63, 546 S.E.2d 133, 139 (2001).

 V. Analysis

¶9 Our Courts have explained that “the timely filing of a claim for compensation

 is a condition precedent to the right to receive compensation and failure to file timely

 is a jurisdictional bar for the Industrial Commission.” Reinhardt v. Women’s

 Pavilion, Inc., 102 N.C. App. 83, 86, 401 S.E.2d 138, 140 (1991).

¶ 10 N.C. Gen. Stat. § 97-24 states, in relevant part:
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 Opinion of the Court

 Right to compensation barred after two years; destruction
 of records.
 (a) The right to compensation under this Article shall be
 forever barred unless (i) a claim or memorandum of
 agreement as provided in [N.C. Gen. Stat. §] 97-82 is filed
 with the Commission or the employee is paid compensation
 as provided under this Article within two years after the
 accident or (ii) a claim or memorandum of agreement as
 provided in [N.C. Gen. Stat. §] 97-82 is filed with the
 Commission within two years after the last payment of
 medical compensation when no other compensation has
 been paid and when the employer’s liability has not
 otherwise been established under this Article.

 N.C. Gen. Stat. § 97-24(a).

¶ 11 While death benefits are not specifically mentioned in N.C. Gen. Stat. § 97-

 24(a), the text of the statute refers to “compensation,” a term defined in N.C. Gen.

 Stat. § 97-2 as encompassing “the money allowance payable to an employee or to his

 dependents as provided for in this Article, and includes funeral benefits provided

 herein.” N.C. Gen. Stat. § 97-2(11) (2019). We therefore agree with the Full

 Commission in its conclusion the timeliness of death claims is contemplated and

 governed by N.C. Gen. Stat. § 97-24(a).

¶ 12 Plaintiff contends the Industrial Commission initially obtained jurisdiction of

 this matter when Decedent filed his Form 18 on 11 February 2015, within the two-

 year deadline prescribed by N.C. Gen. Stat. § 97-24. If this Court were to agree with

 Plaintiff, the Industrial Commission would have jurisdiction to hear Plaintiff’s claim

 on its merits. However, for the following reasons, we hold Plaintiff did not assert a
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 Opinion of the Court

 claim for compensation until her filing of a Form 33 on 18 January 2018, more than

 two years after her cause of action arose, and Decedent’s filing of a Form 18 within

 the two-year deadline cannot qualify as a filing for the purposes of Plaintiff’s separate

 cause of action.

¶ 13 Our case law points to the conclusion Plaintiff’s claim for death and funeral

 benefits arose only upon Decedent’s death, not concurrent with Decedent’s own,

 separate filing of a Form 18 for workers’ compensation benefits. Death and funeral

 benefits were not at issue at the time of the filing of the Form 18 and could not have

 been raised during Decedent’s lifetime. Plaintiff’s pursuit of benefits as Decedent’s

 widow and sole dependent is a separate claim from that filed originally by Decedent

 prior to his death. See, e.g., Booker v. Duke Med. Ctr., 297 N.C. 458, 466, 256 S.E.2d

 189, 195 (1979) (A claim under the Workers’ Compensation Act originates when the

 cause of action arises.); Brown v. N.C. Dep’t of Pub. Safety, 254 N.C. App. 374, 378,

 802 S.E.2d 776, 780 (2017) (A dependent’s right to compensation is separate and

 distinct from the rights of the injured employee and that right only arises upon the

 death of the injured employee.); Pait v. Se. Gen. Hosp., 219 N.C. App. 403, 414, 724

 S.E.2d 618, 627 (2012) (A death benefits claim under the Workers’ Compensation Act

 is a distinct claim to those beneficiaries upon the death of the injured worker.). We

 agree with the majority of the Full Commission that Decedent’s filing of a Form 18
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 Opinion of the Court

 for workers’ compensation benefits had no effect on when Plaintiff’s cause of action

 arose.

¶ 14 Our dissenting colleague considers this matter in the context of a civil wrongful

 death claim by analogy. We agree the civil wrongful death analysis is not controlling

 in the worker’s compensation context. Our dissenting colleague notes the Official

 Comment to N.C. R. Civ. P. Rule 15(c) (2019) provides in part: “[t]he amended

 pleading will therefore relate back if the new pleading merely amplifies the old cause

 of action, or now even if the new pleading constitutes a new cause of action, provided

 that the defending party had originally been placed on notice of the events involved.”

 Id. (citation and quotation marks omitted). Rule 15(c), however, does not allow for

 the relation back of a different cause of action, carried by a separate plaintiff, when

 said cause of action is still time-barred.

¶ 15 In Williams v. Advance Auto Parts, Inc., this Court clarified “a new and

 independent [cause] of action and cannot be permitted when the statute of limitations

 has run.” Id., 251 N.C. App. 712, 713, 795 S.E.2d 647, 649 (2017).

 Under the North Carolina Rules of Civil Procedure, a party
 may amend a pleading “once as a matter of course at any
 time before a responsive pleading is served[.]” N.C. Gen.
 Stat. § 1A-1, Rule 15(a) (2015). Amendment to substitute
 a party is within the scope of the rule, although doing so
 represents the creation of “a new and independent [cause]
 of action and cannot be permitted when the statute of
 limitations has run.” If the statute of limitations has
 expired in the interim between the filing and the
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 Opinion of the Court

 amendment, a plaintiff may preserve his claim only if the
 amendment can be said to relate back to the date of the
 original claim under Rule 15(c) . . ..

 Williams, 251 N.C. App. at 717-18, 795 S.E.2d at 651-52 (internal citations omitted).

 As we previously iterated, our case law points to the conclusion Plaintiff’s pursuit of

 benefits as Decedent’s dependent is a separate cause of action from Decedent’s. Our

 case law does not provide for the conclusion Plaintiff’s cause of action can be said to

 relate back to the date of Decedent’s separate cause of action where Plaintiff’s cause

 of did not exist at the time of the filing of Decedent’s cause of action, and the statute

 of limitations has otherwise expired as to Plaintiff’s cause of action.

¶ 16 Plaintiff further contends a dependent’s right to receive death benefits under

 the Workers’ Compensation Act after a claim has been timely filed under N.C. Gen.

 Stat. § 97-24 is governed by N.C. Gen. Stat. § 97-38 (2019), which provides in relevant

 part:

 If death results proximately from a compensable injury or
 occupational disease and within six years thereafter, or
 within two years of the final determination of disability,
 whichever is later, the employer shall pay or cause to be
 paid, subject to the provisions of other sections of this
 Article, weekly payments of compensation . . . .

 N.C. Gen. Stat. § 97-38.

¶ 17 Plaintiff contends the language of N.C. Gen. Stat. § 97-38 does not require a

 dependent to file a separate claim or request a hearing within two years of an
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 Opinion of the Court

 employee’s death. Because Decedent’s death occurred within the six years cited in

 N.C. Gen. Stat. § 97-38, Plaintiff argues the Industrial Commission has jurisdiction

 to hear Plaintiff’s claim for death benefits on the merits. However, this Court has no

 reason to interpret N.C. Gen. Stat. § 97-24 and N.C. Gen. Stat. § 97-38 as mutually

 exclusive provisions. Rather, N.C. Gen. Stat. § 97-38 provides for a statute of

 limitations for payments to a dependent when death results proximately from a

 compensable injury. N.C. Gen. Stat. § 97-38 (emphasis added). Because timely filing

 is a condition precedent to compensation under N.C. Gen. Stat. § 97-24, a

 compensable injury would not be at issue prior to a timely filing of a claim for workers’

 compensation benefits. Therefore, the condition precedent specified in N.C. Gen.

 Stat. § 97-24 still applies to Plaintiff’s filing.

 VI. Conclusion

¶ 18 Because an employee’s death is a condition precedent for the filing of a

 dependent’s claim for death benefits under N.C. Gen. Stat. § 97-24, a deceased

 employee’s claim filed for workers’ compensation benefits cannot serve as the

 dependent’s “filing of a claim” for purposes of meeting the condition precedent

 prescribed by N.C. Gen. Stat. § 97-24 to obtain death benefits. Plaintiff did not file

 her own claim for compensation under the Workers’ Compensation Act until 18

 January 2018, more than two years after Plaintiff’s cause of action arose. Plaintiff’s
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 Opinion of the Court

claim is therefore time-barred, and the North Carolina Industrial Commission lacks

jurisdiction to hear it.

 AFFIRM.

 Judge GRIFFIN concurs.

 Judge ARROWOOD dissents in a separate opinion.

 Report per Rule 30(e).
 No. COA20-923 – McAuley v. NC A&T State Univ.

 ARROWOOD, Judge, dissenting.

¶ 19 I respectfully dissent from the majority’s holding that the Industrial

 Commission lacks jurisdiction. In what appears to be an issue of first impression for

 our Courts, I would hold that under N.C. Gen. Stat. § 97-24(a), a dependent is not

 required to file a separate and distinct claim within the two-year statutory period, so

 long as an initial claim satisfies the limitation period.

¶ 20 “Where the language of a statute is clear and unambiguous, there is no room

 for judicial construction[,] and the courts must give [the statute] its plain and definite

 meaning, and are without power to interpolate, or superimpose, provisions and

 limitations not contained therein.” Matter of Redmond by & through Nichols, 369

 N.C. 490, 495, 797 S.E.2d 275, 279 (2017) (citation and quotation marks omitted;

 alterations in original). “When, however, a statute is ambiguous, judicial

 construction must be used to ascertain the legislative will.” Purcell v. Friday

 Staffing, 235 N.C. App. 342, 347, 761 S.E.2d 694, 698 (2014) (citation and quotation

 marks omitted).

¶ 21 N.C. Gen. Stat. § 97-24(a) addresses statutory limitations for the right to

 compensation under the Workers’ Compensation Act:

 The right to compensation under this Article shall be
 forever barred unless (i) a claim or memorandum of
 agreement as provided in G.S. 97-82 is filed with the
 Commission or the employee is paid compensation as
 provided under this Article within two years after the
 accident or (ii) a claim or memorandum of agreement as
 provided in G.S. 97-82 is filed with the Commission within
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 ARROWOOD, J., dissenting

 two years after the last payment of medical compensation
 when no other compensation has been paid and when the
 employer’s liability has not otherwise been established
 under this Article.

 N.C. Gen. Stat. § 97-24(a) (2019). Additionally, under N.C. Gen. Stat. § 97-38,

 [i]f death results proximately from a compensable injury or
 occupational disease and within six years thereafter, or within
 two years of the final determination of disability, whichever is
 later, the employer shall pay or cause to be paid . . . weekly
 payments of compensation equal to sixty-six and two-thirds
 percent . . . of the average weekly wages of the deceased employee
 at the time of the accident . . . and burial expenses not exceeding
 ten thousand dollars . . . to the person or persons entitled
 thereto . . . .

 N.C. Gen. Stat. § 97-38 (2019).

¶ 22 Pursuant to the plain language of N.C. Gen. Stat. § 97-24(a), the Commission

 may obtain jurisdiction where: (1) a claim or memorandum of agreement as provided

 in N.C. Gen. Stat. § 97-82 is filed with the Commission within two years after an

 accident; (2) an employee is paid compensation as provided under the Article within

 two years after an accident; or (3) a claim or memorandum of agreement is filed with

 the Commission within two years after the last payment of medical compensation

 when no other compensation has been paid and when the employer’s liability has not

 otherwise been established under the Article.

¶ 23 The statute requires that “a claim” is filed “within two years after the

 accident.” N.C. Gen. Stat. § 97-24(a). Decedent complied with statutory
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 ARROWOOD, J., dissenting

 requirements by filing a Form 18 within two years of his injury. The plain language

 of the statute does not require plaintiff to file a separate claim for benefits. On these

 grounds, I would hold that the Full Commission erred in dismissing plaintiff’s claim

 for death benefits.

¶ 24 Although I believe it is unnecessary in this case to engage in judicial

 construction to ascertain legislative intent, I disagree with the majority’s application

 of caselaw and failure to address legislative actions that are informative of legislative

 intent. The majority applies the definition of “compensation” found in N.C. Gen. Stat.

 § 97-2 to reach the conclusion that “the timeliness of death claims is contemplated

 and governed by N.C. Gen. Stat. § 97-24(a).” I do not see how this definition serves

 to bar plaintiff’s claim and override the additional timing requirements for death

 benefits specifically set out in N.C. Gen. Stat. § 97-38.

¶ 25 “The intent of the General Assembly may be found first from the plain

 language of the statute, then from the legislative history,” to assess “ ‘the spirit of the

 act and what the act seeks to accomplish.’ ” Lenox, Inc. v. Tolson, 353 N.C. 659, 664,

 548 S.E.2d 513, 517 (2001) (citation and some quotation marks omitted). Traditional

 principles of statutory construction provide that “ ‘[i]n construing a statute with

 reference to an amendment, it is presumed that the Legislature intended either (1)

 to change the substance of the original act or (2) to clarify the meaning of it.’ ” Nello

 L. Teer Co. v. N.C. Dep’t of Transp., 175 N.C. App. 705, 710, 625 S.E.2d 135, 138
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 ARROWOOD, J., dissenting

 (2006) (some quotation marks omitted) (quoting Spruill v. Lake Phelps Volunteer Fire

 Dep’t, Inc., 351 N.C. 318, 323, 523 S.E.2d 672, 676 (2000)). “While the presumption

 is that the legislature intended to change the law through its amendments, where the

 language of the original statute is ambiguous such amendments may be deemed, not

 as a change in the law, but as a clarification in the language expressing that law.”

 N.C. Elec. Membership Corp. v. N.C. Dep’t of Econ. & Cmty. Dev., 108 N.C. App. 711,

 720, 425 S.E.2d 440, 446 (1993) (citation omitted). Where the language of the original

 statute is unambiguous and “the legislature deletes specific words or phrases from a

 statute, it is presumed that the legislature intended that the deleted portion should

 no longer be the law.” Nello L. Teer Co., 175 N.C. App. at 710, 625 S.E.2d at 138

 (citation omitted).

¶ 26 In this case, the statute originally stated “[t]he right to compensation under

 this act shall be forever barred unless a claim be filed with the Industrial Commission

 within one year after the accident, and if death results from the accident, unless a

 claim be filed with the Commission within one year thereafter.” Wray v. Carolina

 Cotton & Woolen Mills Co., 205 N.C. 782, 783, 172 S.E. 487, 488 (1934) (quotation

 marks omitted) (quoting Pub. Laws 1929, c. 120, § 24). In 1955, the statute was

 modified to allow two years to file a claim following an accident, while the

 requirement to file a separate claim for death benefits within one year of the date of

 death was maintained. S.L. 1955-1026, § 12. In 1973, the General Assembly again
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 ARROWOOD, J., dissenting

 amended N.C. Gen. Stat. § 97-24(a) by removing the language requiring that a

 separate claim be filed for death benefits. S.L. 1973-1060, § 1.

¶ 27 By deleting the words “if death results from the accident, unless a claim be

 filed with the Commission within one year thereafter,” I believe the General

 Assembly expressed its clear intent that a separate claim for death benefits is not

 required and that an employee’s filing of a claim within two years after the accident

 is sufficient for the Industrial Commission to acquire jurisdiction over a subsequent

 claim for death benefits. If the General Assembly intended to maintain a separate

 filing requirement for death benefit claims, it would have maintained the language

 requiring the filing of a separate death benefit claim and increased the limitation

 period from one to two years. The majority’s analysis relies on the definition of

 “compensation” found in N.C. Gen. Stat. § 97-2 and several cases addressing claims

 under the Workers’ Compensation Act but fails to address the legislative history of

 the operative statute itself. Accordingly, in applying traditional principles of

 statutory construction, I would hold that the General Assembly intended to remove

 the requirement to file a separate death benefits claim within a specified period.

¶ 28 In addition to my analysis of the plain language and judicial construction of

 the statute, I find it appropriate to consider the context of a civil wrongful death

 claim. While this analysis is not controlling in the worker’s compensation context, I

 believe how we treat those claims is instructive in how we should view this situation.
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 ARROWOOD, J., dissenting

 Prior to our State’s amendment of the Rules of Civil Procedure in 1967, it was “a

 familiar principle that if a wrongful death action was brought by a foreign personal

 representative who had not qualified locally within the period permitted for bringing

 the action, the complaint could not be amended to show that after the expiration of

 such period the plaintiff had locally qualified[,]” and was instead “dismissed as not

 having been timely filed.” Burcl v. N.C. Baptist Hosp., Inc., 306 N.C. 214, 218, 293

 S.E.2d 85, 88 (1982) (citation omitted). The Burcl Court held that “[w]hether an

 amendment to a pleading relates back under Rule 15(c) depends no longer on an

 analysis of whether it states a new cause of action; it depends, rather, on whether the

 original pleading gives ‘notice of the transactions, occurrences, or series of

 transactions or occurrences, to be proved pursuant to the amended pleading.’ ” Id. at

 224, 293 S.E.2d at 91 (citation omitted). The Court also noted the Official Comment

 to North Carolina Rule 15(c), which provides in part: “[t]he amended pleading will

 therefore relate back if the new pleading merely amplifies the old cause of action, or

 now even if the new pleading constitutes a new cause of action, provided that the

 defending party had originally been placed on notice of the events involved.” Id.

 (citation and quotation marks omitted).

¶ 29 Wrongful death claims, while creatures of a different statutory scheme than is

 at issue in this case, address similar subject matter and are bound by similar

 principles. Although I believe the plain language and legislative history of the
 MCAULEY V. NC A&T STATE UNIV.

 2021-NCCOA-657

 ARROWOOD, J., dissenting

Workers’ Compensation Act are sufficient grounds for reversal, the principles

contained within our wrongful death jurisprudence are instructive, and support a

holding that is in line with those principles.