McGEE, Chief Judge.
 

 *374
 
 Angela Brown ("Plaintiff") appeals from opinion and award of the North Carolina Industrial Commission ("the Commission") dismissing Plaintiff's claim for next-of-kin death benefits under the North Carolina Workers' Compensation Act. We affirm.
 

 I.
 
 Background
 

 Plaintiff's father, Donald L. Brown (hereinafter, "Brown" or "Decedent"), was employed as a correctional officer for the North Carolina Department of Correction ("Defendant"), at Foothills Correctional Institution in Morganton, when he was injured during a work-related training exercise on 25 August 2005 ("the accident"). The accident occurred while Brown was participating in a training exercise during which Brown alleged he injured himself in a fall. Defendant filed a Form 19 "Employer's Report of Employee's Injury" that stated Defendant first became aware of the accident on 19 November 2005. Brown alleged he injured his lower back, left hip, and leg in the accident, but that Brown had not felt injured until the following day, and had not
 
 *375
 
 received any medical treatment for the alleged injuries.
 
 [1]
 
 Brown filed a Form 18 "Notice of Accident to Employer" dated 13 December 2005, but this form was file stamped by the Commission on 27 December 2005. In this Form 18, Brown gave notice, "as required by law, that [he] sustained an injury[,]" and "[d]escribe[d] the injury ..., including the specific body part involved (e.g., right hand, left hand)" as follows: "[l]ower [b]ack."
 

 Defendant submitted a Form 61 "Denial of Workers' Compensation Claim," dated 4 January
 
 *778
 
 2006, stating it was "without sufficient information to admit [Brown's] right to compensation." However, Defendant subsequently filed a Form 60 "Employer's Admission of Employee's Right to Compensation," dated 23 March 2006, in which Defendant "admit[ted Brown's] right to compensation for an injury by accident on 8/25/2005[.]" This Form 60 indicated that the "description of the injury ... is: low back strain[,]" and calculated a weekly compensation rate of $378.11. The Form 60 did not include any alleged injuries to Brown's hip or leg. Defendant compensated Brown for his medical treatment related to his back injury while Brown continued to work full-time in 2005 and 2006. Brown underwent surgery for his compensable back injury in December 2007.
 

 Brown filed a second Form 18 on 15 May 2007, again alleging he injured his back on 25 August 2005 when he "was participating in a training exercise[.]" Once again, in this second Form 18, Brown made
 
 no
 
 claim that he had sustained injuries to his left hip or leg as a result of the accident. Defendant "initiated payment of temporary total disability ... benefits to [Brown] in June 2008 in relation to his compensable back injury." These payments continued until Brown's death. Brown was "assessed at maximum medical improvement" on 10 February 2009, and was "assigned a 15% permanent partial impairment rating to [his] back, and [was] written out of work on a permanent basis" due to his ongoing "chronic back pain."
 

 Brown submitted a third Form 18, "Amended Notice of Accident to Employer," dated 7 October 2010, alleging for the first time that, as a result of the accident, he sustained injuries "[i]ncluding, but not limited to, [his] back
 
 and left hip and leg
 
 ."
 
 [2]
 
 (emphasis added). In addition
 
 *376
 
 to the "Amended Notice of Accident," Brown apparently filed a Form 33 "Request that Claim be Assigned for Hearing," also dated 7 October 2010, in which he alleged that he had "sustained
 
 a compensable injury to his left hip
 
 [during the 25 August 2005 exercise] which [was] being denied by [ ] Defendant[ ]." (emphasis added). We note that there is no record evidence that Brown ever claimed he had sustained a compensable injury to his left hip prior to this amended Form 18 that was apparently filed concurrently with his Form 33 requesting a hearing related to his alleged compensable hip injury. A hearing on the matter was set for 5 May 2011.
 

 Two days before the hearing date, Brown filed a request that the matter be "postponed indefinitely as there are currently no issues in dispute between the parties" in order to allow the parties "to try to mediate [Brown's] claim[.]" Pursuant to Brown's request, a deputy commissioner filed an order on 9 May 2011 removing the matter from the "May 5, 2011 hearing calendar and the active hearing docket as there [were] no issues currently in dispute." The matter was referred to mediation. The Commission's opinion and award stated: "The parties reached an impasse in settlement discussions at mediation. However, [Brown] did not file a new Form 33 request for hearing on the denied claim of left hip injury at any point during his lifetime."
 

 The Commission found that Brown "received significant medical treatment for his left hip from 2007 until his death[.]" This treatment included a total left hip replacement in 2008, "at which time [Brown] denied to the medical provider any specific injury to [his] hip." Brown underwent multiple additional surgical procedures related to his left hip replacement that were complicated by persistent infections. However, "Defendant did not authorize, direct, or pay for any left hip medical treatment[.]"
 

 Temporary total disability benefits related to Brown's
 
 back
 
 injury, totaling $105,233.12, continued until Brown's death on 1 January 2014. Total medical benefits paid for Brown's compensable back injury amounted to $40,198.87. Brown's death certificate listed alcoholic cirrhosis as the immediate cause of death, and noted
 

 *779
 
 underlying causes of death as hepatic encephalopathy [-altered mental state resulting from alcoholic cirrhosis of the liver R62 -] for a period of weeks prior to death and chronic left hip and psoas muscle abscess refractory to antibiotics [- infection resistant to antibiotics resulting in abscess of hip and associated muscle, likely resultant of Brown's 2008 left hip replacement -] for approximately six years prior to the date of death.
 

 *377
 
 Plaintiff, as Brown's next of kin, submitted a Form 33 "Request that Claim be Assigned for Hearing" dated 21 August 2014, in which she sought death benefits pursuant to
 
 N.C. Gen. Stat. § 97-38
 
 . In Plaintiff's Form 33, she claimed that the parts of Decedent's body that had been injured in the 25 August 2005 accident were his "[b]ack and hip." Defendant mailed a response to Plaintiff's Form 33, dated 9 December 2014, in which it stated: "Decedent sustained a compensable low back injury on August 25, 2005 during a training exercise. Defendant accepted [P]laintiff's claim as compensable and has paid all benefits to which [D]ecedent [was] entitled for his compensable [lower back] injury. Defendant denies that the August 25, 2005 injury proximately caused [D]ecedent's death." Defendant again identified the only compensable injury suffered by Decedent as "low back strain." The matter was set for a hearing before a deputy commissioner on 21 April 2015, but Plaintiff and Defendant agreed to proceed without a hearing, and the record in this matter was closed on 14 September 2015 after the deputy commissioner received depositions, briefs, and other materials. The deputy commissioner entered an opinion and award on 21 October 2015, in which he concluded,
 
 inter alia
 
 , that Plaintiff was entitled to payment of death benefits pursuant to
 
 N.C. Gen. Stat. § 97-38
 
 , and ordered Defendant to pay Plaintiff said benefits.
 

 Defendant appealed the deputy commissioner's order to the Commission. Following a hearing on 8 March 2016, the Commission entered an opinion and award dismissing with prejudice Plaintiff's claims for (1) medical compensation related to Decedent's alleged hip injury, and (2) death benefits pursuant to N.C.G.S. § 97-38. The Commission concluded,
 
 inter alia
 
 , that (1) Decedent's cause of death was "unrelated to his compensable back injury[;]" and (2) Plaintiff's claim for death benefits based on Decedent's denied hip injury was time-barred under N.C.G.S. § 97-38. Plaintiff appeals.
 

 II.
 
 Argument
 

 Plaintiff's sole argument on appeal is that the Commission erred by dismissing her claim for death benefits based on its conclusion that the claim was time-barred pursuant to N.C.G.S. § 97-38. We disagree.
 

 A. Standard of Review
 

 "The standard of review for an opinion and award of the North Carolina Industrial Commission is (1) whether any competent evidence in the record supports the Commission's findings of fact, and (2) whether such findings of fact support the Commission's conclusions of law."
 

 *378
 

 Cox v. City of Winston-Salem
 
 ,
 
 171 N.C. App. 112
 
 , 114,
 
 613 S.E.2d 746
 
 , 747 (2005) (citation and internal quotation marks omitted). Plaintiff does not challenge the Commission's findings of fact; therefore, they are binding on appeal.
 
 Hill v. Fed. Express Corp.
 
 ,
 
 234 N.C. App. 488
 
 , 490,
 
 760 S.E.2d 70
 
 , 73 (2014) (citation and internal quotation marks omitted). "The Industrial Commission's conclusions of law are reviewable
 
 de novo
 
 by this Court."
 
 Moore v. City of Raleigh
 
 ,
 
 135 N.C. App. 332
 
 , 334,
 
 520 S.E.2d 133
 
 , 136 (1999) (citation omitted). Plaintiff's appeal also raises questions of statutory interpretation, which this Court considers
 
 de novo
 
 .
 
 See
 

 In re Foreclosure of Vogler Realty, Inc.
 
 ,
 
 365 N.C. 389
 
 , 392,
 
 722 S.E.2d 459
 
 , 462 (2012).
 

 B. Analysis
 

 Plaintiff's claim for death benefits is based upon N.C.G.S. § 97-38, which states in relevant part:
 

 If death [of an employee] results proximately from a compensable injury ... and within six years thereafter, or within two years of the final determination of disability, whichever is later, the employer shall pay or cause to be paid, subject to the provisions of other sections of this Article, weekly payments of compensation equal to
 
 *780
 
 sixty-six and two-thirds percent (66 2/3 %) of the average weekly wages of the deceased employee at the time of the accident, ... and burial expenses not exceeding ten thousand dollars ($10,000), to the person or persons entitled thereto[.]
 

 N.C. Gen. Stat. § 97-38
 
 (2015). N.C.G.S. § 97-38 confers a right to receive death benefits upon "beneficiaries of an injured worker whose death results from a compensable injury[.]"
 
 Pait v. SE Gen. Hosp.
 
 ,
 
 219 N.C. App. 403
 
 , 413,
 
 724 S.E.2d 618
 
 , 626 (2012). "[T]he [beneficiary's] right to compensation is 'an original right ... enforceable only after (the employee's) death.' "
 
 Booker v. Duke Med. Ctr.
 
 ,
 
 297 N.C. 458
 
 , 466,
 
 256 S.E.2d 189
 
 , 195 (1979) (citations omitted). Therefore, Brown's actions or inactions related to his potential compensation claims had no impact on Plaintiff's "original right" to recover pursuant to N.C.G.S. § 97-38.
 

 [A] death benefits claim [is] a distinct claim of the beneficiaries.... Specifically, our Supreme Court [has] stated:
 

 [D]uring [the injured employee's] lifetime his [beneficiaries] were not parties in interest to the proceeding he brought for the enforcement of his claim. Their right to compensation did not arise until his death and their cause of action was not affected by anything he did[.]
 

 *379
 
 ... The basis of their claim was an original right which was enforceable only after his death.
 

 Accordingly ... a death benefits claim under the Workers' Compensation Act is a distinct claim to those beneficiaries upon the death of the injured [employee]. Notably, because the death benefits claim does not arise until the injured employee's death ... the rights of the beneficiaries under the Act are not implicated until the injured employee's death.
 

 Pait
 
 ,
 
 219 N.C. App. at 414
 
 ,
 
 724 S.E.2d at 626-27
 
 (citations omitted).
 

 In addition to the requirements of compensability and proximate causation, N.C.G.S. § 97-38 "imposes express time limitations on the accrual of death benefits claims."
 
 Pait
 
 ,
 
 219 N.C. App. at 413
 
 ,
 
 724 S.E.2d at 626
 
 . Specifically, N.C.G.S. § 97-38 requires payment of death benefits only "[i]f [the employee's] death results proximately from a compensable injury ... and within six years thereafter,
 
 or within two years of the final determination of disability, whichever is later
 
 [.]" N.C.G.S. § 97-38 (2015) (emphasis added).
 

 The accident occurred on 25 August 2005. Decedent died on 1 January 2014, and Plaintiff filed her Form 33 seeking death benefits pursuant to N.C.G.S. § 97-38 on 21 August 2014. Plaintiff acknowledges that Decedent did not die "within six years" of the accident and therefore her claim was not timely under that prong of the statute of limitations. However, Plaintiff argues that, because no final determination of disability was ever made, the second prong of the statute of limitations-the "final determination of disability" prong-renders her claim timely.
 
 See
 
 N.C.G.S. § 97-38 (providing that a claim is timely "[i]f death [of the employee] results proximately from a compensable injury ... within two years of the final determination of disability").
 

 This Court has held that, where there has been no final determination of disability with respect to a compensable injury, a claim for death benefits is not time-barred by the statute of limitations as set forth in N.C.G.S. § 97-38.
 
 Shaw v. U.S. Airways, Inc.
 
 ,
 
 217 N.C. App. 539
 
 , 543,
 
 720 S.E.2d 688
 
 , 691 (2011). In
 
 Shaw
 
 , the Commission awarded death benefits to the plaintiff, the widow of a deceased employee.
 
 Id
 
 . at 540-41,
 
 720 S.E.2d at 689-90
 
 . The employee had suffered a work-related back injury, and died eight years later.
 
 Id
 
 . at 540,
 
 720 S.E.2d at 689
 
 . Prior to the employee's death, the employer admitted the compensability of the work-related back injury by filing a "Form 60, Employer's Admission of Employee's Right to Compensation Pursuant to
 
 *380
 

 N.C. Gen. Stat. § 97-18
 
 (b)."
 

 Id.
 

 Following the employee's death, the plaintiff filed a Form 33 requesting a hearing on her right to death benefits pursuant to
 
 N.C. Gen. Stat. § 97-38
 
 , and death benefits were granted.
 
 Shaw
 
 ,
 
 217 N.C. App. at 540-41
 
 ,
 
 720 S.E.2d at 689-90
 
 . In
 
 Shaw
 
 , the defendants appealed, arguing that the plaintiff's N.C.G.S. § 97-38 claim was barred by the statute of limitations.
 
 Shaw
 
 ,
 
 217 N.C. App. at 542
 
 ,
 
 720 S.E.2d at 690
 
 . Because it was undisputed
 
 *781
 
 that the compensable injury in
 
 Shaw
 
 occurred more than six years prior to the employee's death, this Court analyzed the "final determination of disability" prong of the statute of limitations to determine the timeliness of the plaintiff's claim:
 

 As noted by the Commission in the opinion and award entered 17 December 2010, defendants paid temporary total disability to [the employee] pursuant to a Form 60 and subsequent Form 62. Entry of these forms raises only a presumption of disability, not a final determination.
 

 Under the Workers' Compensation Act, disability is defined by a diminished capacity to earn wages, not by physical infirmity. Thus, the employee has the burden "to show that he is unable to earn the same wages he had earned before the injury, either in the same employment or in other employment."
 

 There is nothing in the record to indicate that [the employee] was paid anything other than temporary total benefits pursuant to Forms 60 and 62.
 

 Therefore, as there was no determination of [the employee]'s final determination of disability prior to the Commission's 17 December 2010 opinion and award determining that his death was the proximate result of his 12 July 2000 compensable injury, [the plaintiff's] 8 April 2009 claim for death benefits was not untimely and not barred by the statute of limitations under
 
 N.C. Gen. Stat. § 97-38
 
 .
 
 [3]
 

 Shaw
 
 ,
 
 217 N.C. App. at 542-43
 
 ,
 
 720 S.E.2d at 690-91
 
 (citations omitted).
 

 Plaintiff contends, relying on
 
 Shaw
 
 , that because "there [had been] no final determination of disability [with respect to Decedent's
 
 *381
 
 compensable
 
 back
 
 injury] at the time of [Decedent's] death," Plaintiff's death benefits claim, based on Decedent's alleged
 
 hip
 
 injury, could be "filed more than six years from the date of accident
 
 regardless of the injury that form[ed] the basis of the ... claim
 
 ." (emphasis added). In other words, Plaintiff argues that because Decedent had a compensable
 
 back
 
 injury for which no final determination of disability was ever made, she was free to bring her N.C.G.S. § 97-38 claim based on Decedent's
 
 hip
 
 injury at any time-that, on the facts before us,
 
 no
 
 limitations period applied to her claim.
 

 However, this Court in
 
 Shaw
 
 held that, because the employee's
 
 compensable back injury had proximately caused his death
 
 and that because there had been no "final determination of disability"
 
 with respect to that compensable back injury
 
 , the plaintiff's claim for death benefits was not untimely pursuant to N.C.G.S. § 97-38.
 
 Id
 
 . at 541,
 
 720 S.E.2d at 690-91
 
 . Nothing in
 
 Shaw
 
 suggests that failure to make a final determination of disability for a compensable injury that was
 
 not
 
 a proximate cause of an employee's death tolls the
 
 N.C. Gen. Stat. § 97-38
 
 statute of limitations.
 

 In the present case, Brown filed a Form 18, "Notice of Accident," on 20 February 2006, claiming that on 25 August 2005 he sustained a work-related accident to his lower back. Defendant filed a Form 60 on 23 March 2006, admitting Brown's right to compensation for the "low back strain" resulting from his 25 August 2005 "injury by accident." Defendant never filed a Form 60 admitting compensability for any injury to Brown's left hip, nor did the Commission ever make a determination that the hip injury was a compensable work-related injury.
 

 In its opinion and award, the Commission recognized the difference between the facts of
 
 Shaw
 
 and those in the present case, finding that "[P]laintiff [was] not entitled to use [D]ecedent's disability status resulting from his
 
 compensable back injury
 
 to pursue her claim of benefits for death proximately resulting from [D]ecedent's
 
 denied left hip injury
 
 using the two-year statute of limitations provision [in
 
 N.C. Gen. Stat. § 97-38
 
 ]." (emphasis added). We reject Plaintiff's argument that, in the absence of a final determination of disability with respect to Decedent's compensable back injury, Plaintiff's claim for death benefits based on Decedent's hip injury
 
 *782
 
 , which was never determined to be compensable, was
 
 per se
 
 timely under N.C.G.S. § 97-38.
 

 Under the Workers' Compensation Act, "compensability" and "disability" are distinct concepts, involving different elements of proof.
 
 Clark v. Wal-Mart
 
 ,
 
 360 N.C. 41
 
 , 43,
 
 619 S.E.2d 491
 
 , 492-93 (2005). Thus,
 
 *382
 
 an employee must prove that he has a compensable injury
 
 before
 
 there can be any "determination of disability."
 
 Id.
 
 at 44,
 
 619 S.E.2d at 493
 
 ("[D]efendants fully admitted the compensability of the [employee's] injury, leaving her only to prove her disability in order to receive continued compensation. [T]he law in North Carolina is well settled that an employer's admission of the 'compensability' of a workers' compensation claim does not give rise to a presumption of 'disability' in favor of the employee.").
 

 We hold that the phrase "final determination of disability," as used in N.C.G.S. § 97-38, is limited to the final determination of disability for the compensable injury that is
 
 specifically alleged to have proximately caused the employee's death
 
 . N.C.G.S. § 97-38 ("[i]f death results
 
 proximately from a compensable injury
 
 ... within two years of the final determination of disability, ... the employer shall pay ... weekly payments of compensation") (emphasis added). The final determination of disability for a compensable injury cannot be made unless
 
 the compensability of such injury has already been established
 
 . We note that N.C.G.S. § 97-38 refers to "
 
 the
 
 final determination of disability," not "
 
 a
 
 final determination of disability." This supports our interpretation that the statute contemplates a determination of disability
 
 with respect to the specific injury which forms the basis of the claim for death benefits
 
 .
 
 See
 

 N.C. Dept. of Correction v. N.C. Medical Bd.
 
 ,
 
 363 N.C. 189
 
 , 201,
 
 675 S.E.2d 641
 
 , 649 (2009) ("Because the actual words of the legislature are the clearest manifestation of its intent, we give every word of the statute effect, presuming that the legislature carefully chose each word used.").
 

 This Court has previously rejected interpretations of N.C.G.S. § 97-38 that "would lead to absurd results, contrary to the manifest purpose of our Legislature[.]"
 
 Pait
 
 ,
 
 219 N.C. App. at 415
 
 ,
 
 724 S.E.2d at 627
 
 . As the Commission in the present case concluded, "[t]o accept [Plaintiff's] argument would allow an individual to delay pursuing a claim of benefits for death proximately resulting from a denied injury on an indefinite basis and would subvert the overriding purpose of having a statute of limitations, which is to prevent the litigation of stale claims."
 
 See
 
 ,
 
 e.g.
 
 ,
 
 Trexler v. Pollock
 
 ,
 
 135 N.C. App. 601
 
 , 606-07,
 
 522 S.E.2d 84
 
 , 88 (1999) (rejecting interpretation of statute that "would result in a virtually unlimited statute of limitations" for certain claims, and noting that "[s]tatutes of limitations exist for a reason-to afford security against stale claims.").
 

 We recognize that the application of any statute of limitations may result in hardship to a plaintiff. As our Supreme Court has acknowledged,
 

 *383
 
 application of [N.C. Gen. Stat. §] 97-38 may sometimes have the effect of barring an otherwise valid and provable claim simply because the employee did not die within the requisite period of time.... The remedy for any inequities arising from the statute, however, lies not with the courts but with the legislature.
 

 Booker v. Duke Medical Center
 
 ,
 
 297 N.C. 458
 
 , 483-84,
 
 256 S.E.2d 189
 
 , 205 (1979) ;
 
 see also
 

 Joyner v. J.P. Stevens & Co.
 
 ,
 
 71 N.C. App. 625
 
 , 627,
 
 322 S.E.2d 636
 
 , 637-38 (1984) (denying plaintiff's claim for benefits as untimely under the version of N.C.G.S. § 97-38 in effect at the time of employee's death, and noting that "[the] holding [was] a harsh but necessary result of the statutory scheme"). However, we do not believe the General Assembly intended the absurd result of excluding from
 
 any
 
 statute of limitations claims under N.C.G.S. § 97-38 based upon injuries
 
 that had never been
 

 found to be compensable
 
 , simply because some different injury-not a proximate cause of the employee's death-had been found compensable, but no final determination of disability for that injury had been made.
 

 III. Conclusion
 

 For the reasons stated above, we hold the Commission did not err in denying Plaintiff's
 
 *783
 
 claim for death benefits as time-barred pursuant to N.C.G.S. § 97-38.
 

 AFFIRMED.
 

 Judges DAVIS and TYSON concur.
 

 [1]
 

 The record copy of this Form 19 is not signed by any representative of Defendant, does not include a date in the section labeled "Date Completed," nor does it include any file stamp. Assuming it was sent to the Commission as required, there is no record indication of when that occurred.
 

 [2]
 

 We note that some of the documentation is file stamped, whereas other documentation, such as this amended Form 18, is not. Because Defendant does not argue otherwise, we presume all record documentation was correctly filed on or near the dates, if any, included on that documentation.
 

 [3]
 

 We note that the relevant inquiry is whether the employee's
 
 death
 
 occurred within two years of the final determination of disability. Because no final determination of disability was ever made, this Court in
 
 Shaw
 
 determined that the two-year limitations period of this prong had never started to run and, therefore, it could not serve to bar the plaintiff's claim.