IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-657

No. COA20-923

Filed 7 December 2021

North Carolina Industrial Commission, No. 15-006996

ANGELA MCAULEY, Widow of STEVEN L. MCAULEY, Deceased employee, Plaintiff-Appellant,

v.

NORTH CAROLINA A&T STATE UNIVERSITY, Employer, and

SELF-INSURED (CORVEL CORPORATION, Third-Party Administrator), Defendant-Appellee.

Appeal by Plaintiff-Appellant from Opinion and Award entered 28 August 2020 by the North Carolina Industrial Commission. Heard in the Court of Appeals 22 September 2021.

*Daggett Shuler, by Griffis C. Shuler, for Plaintiff-Appellant.*

*Attorney General Joshua H. Stein, by Assistant Attorney General Brittany K. Brown, for Defendant-Appellee.*

CARPENTER, Judge.

¶ 1 Plaintiff appeals from an opinion and award of the North Carolina Industrial Commission concluding that it lacked jurisdiction to hear Plaintiff's claim on its merits. For the following reasons, we affirm the North Carolina Industrial Commission lacks jurisdiction to hear Plaintiff's claim on the merits.

## I. Factual and Procedural Background

On 30 January 2015, Mr. Steven McAuley ("Decedent") suffered an injury to his back while employed by North Carolina A&T State University ("Defendant"). On 11 February 2015, Decedent filed a Form 18, Notice of Accident to Employer and Claim of Employee. On 21 February 2015, Decedent passed away, leaving behind a dependent widow, Mrs. Angela McAuley ("Plaintiff"). On 16 March 2015, Defendant filed a Form 63 and thereafter paid temporary total disability compensation and medical compensation to Decedent. "Within a couple of weeks" of Decedent's death, Plaintiff attended a meeting with representatives from Defendant's human resources department to sign papers related to insurance policies and an accidental death insurance policy. Plaintiff testified that at the time, she believed she was signing all the paperwork related to Decedent's death and the benefits she was entitled to.

On 18 January 2018, almost three years after the death of Decedent, Plaintiff filed a Form 33 Request that Claim be Assigned for Hearing with the North Carolina Industrial Commission ("Industrial Commission") seeking death benefits. On 15 May 2018, Defendant filed a Form 33R Response to Request that Claim be Assigned for Hearing, asserting the Industrial Commission "lack[ed] jurisdiction to hear any death claim brought by the next of kin as the same was not timely filed under [N.C. Gen. Stat.] § 97-24." Defendant also filed a motion to dismiss Plaintiff's death claim as time barred under N.C. Gen. Stat. § 97-24 (2017) and § 97-22 (2017).

On 30 July 2018, Deputy Commissioner Tyler Younts entered an order holding Defendant's motion to dismiss in abeyance. The order also bifurcated the parties' hearing, separating the issue of the Industrial Commission's jurisdiction in the case from the issue of the proximate cause of Decedent's death. On 31 October 2018, Deputy Commissioner Younts filed an Opinion and Award denying Plaintiff's claim for death benefits with prejudice, concluding as a matter of law the Industrial Commission did not acquire jurisdiction of Plaintiff's death claim, as Plaintiff had not timely filed.

On 13 November 2018, Plaintiff appealed the 31 October 2018 Opinion and Award. On 28 August 2020, the Full Commission[1] of the Industrial Commission filed its Opinion and Award again denying Plaintiff's claim and dismissing the claim with prejudice. Industrial Commission Chair Phillip A. Baddour, III dissented from the Opinion and Award of the Full Commission in a separate opinion. On 23 September 2020, Plaintiff filed her notice of appeal to this Court.

## II. Jurisdiction

Jurisdiction lies in this Court as a matter of right over a final judgment from the North Carolina Industrial Commission pursuant to N.C. Gen. Stat. § 7A-29(a) (2019).

---

[1] A party disputing the decision of the Commission may appeal to the Full Commission. N.C. Gen. Stat. § 97-87(c)(5) (2019).

### III. Issues

The issue on appeal is whether a deceased employee's filed claim qualifies as a dependent's "filing" for purposes of N.C. Gen. Stat. § 97-24.

### IV. Standard of Review

The standard for appellate review of an opinion and award of the Industrial Commission is limited to "(1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are supported by the findings." *Barham v. Food World, Inc.*, 300 N.C. 329, 331, 266 S.E.2d 676, 678, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 105 (1980). "The findings of fact by the Industrial Commission are conclusive on appeal if supported by . . . competent evidence." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). The Industrial Commission's conclusions of law are reviewed *de novo. Allen v. Roberts Elec. Contrs.*, 143 N.C. App. 55, 63, 546 S.E.2d 133, 139 (2001).

### V. Analysis

Our Courts have explained that "the timely filing of a claim for compensation is a condition precedent to the right to receive compensation and failure to file timely is a jurisdictional bar for the Industrial Commission." *Reinhardt v. Women's Pavilion, Inc.*, 102 N.C. App. 83, 86, 401 S.E.2d 138, 140 (1991).

N.C. Gen. Stat. § 97-24 states, in relevant part:

> Right to compensation barred after two years; destruction of records.
> (a) The right to compensation under this Article shall be forever barred unless (i) a claim or memorandum of agreement as provided in [N.C. Gen. Stat. §] 97-82 is filed with the Commission or the employee is paid compensation as provided under this Article within two years after the accident or (ii) a claim or memorandum of agreement as provided in [N.C. Gen. Stat. §] 97-82 is filed with the Commission within two years after the last payment of medical compensation when no other compensation has been paid and when the employer's liability has not otherwise been established under this Article.

N.C. Gen. Stat. § 97-24(a).

¶ 11        While death benefits are not specifically mentioned in N.C. Gen. Stat. § 97-24(a), the text of the statute refers to "compensation," a term defined in N.C. Gen. Stat. § 97-2 as encompassing "the money allowance payable to an employee or to his dependents as provided for in this Article, and includes funeral benefits provided herein." N.C. Gen. Stat. § 97-2(11) (2019). We therefore agree with the Full Commission in its conclusion the timeliness of death claims is contemplated and governed by N.C. Gen. Stat. § 97-24(a).

¶ 12        Plaintiff contends the Industrial Commission initially obtained jurisdiction of this matter when Decedent filed his Form 18 on 11 February 2015, within the two-year deadline prescribed by N.C. Gen. Stat. § 97-24. If this Court were to agree with Plaintiff, the Industrial Commission would have jurisdiction to hear Plaintiff's claim on its merits. However, for the following reasons, we hold Plaintiff did not assert a

claim for compensation until her filing of a Form 33 on 18 January 2018, more than two years after her cause of action arose, and Decedent's filing of a Form 18 within the two-year deadline cannot qualify as a filing for the purposes of Plaintiff's separate cause of action.

¶ 13        Our case law points to the conclusion Plaintiff's claim for death and funeral benefits arose only upon Decedent's death, not concurrent with Decedent's own, separate filing of a Form 18 for workers' compensation benefits. Death and funeral benefits were not at issue at the time of the filing of the Form 18 and could not have been raised during Decedent's lifetime. Plaintiff's pursuit of benefits as Decedent's widow and sole dependent is a separate claim from that filed originally by Decedent prior to his death. *See, e.g.*, *Booker v. Duke Med. Ctr.*, 297 N.C. 458, 466, 256 S.E.2d 189, 195 (1979) (A claim under the Workers' Compensation Act originates when the cause of action arises.); *Brown v. N.C. Dep't of Pub. Safety*, 254 N.C. App. 374, 378, 802 S.E.2d 776, 780 (2017) (A dependent's right to compensation is separate and distinct from the rights of the injured employee and that right only arises upon the death of the injured employee.); *Pait v. Se. Gen. Hosp.*, 219 N.C. App. 403, 414, 724 S.E.2d 618, 627 (2012) (A death benefits claim under the Workers' Compensation Act is a distinct claim to those beneficiaries upon the death of the injured worker.). We agree with the majority of the Full Commission that Decedent's filing of a Form 18

for workers' compensation benefits had no effect on when Plaintiff's cause of action arose.

¶ 14   Our dissenting colleague considers this matter in the context of a civil wrongful death claim by analogy. We agree the civil wrongful death analysis is not controlling in the worker's compensation context. Our dissenting colleague notes the Official Comment to N.C. R. Civ. P. Rule 15(c) (2019) provides in part: "[t]he amended pleading will therefore relate back if the new pleading merely amplifies the old cause of action, or now even if the new pleading constitutes a new cause of action, provided that the defending party had originally been placed on notice of the events involved." *Id*. (citation and quotation marks omitted). Rule 15(c), however, does not allow for the relation back of a different cause of action, carried by a separate plaintiff, when said cause of action is still time-barred.

¶ 15   In *Williams v. Advance Auto Parts, Inc.*, this Court clarified "a new and independent [cause] of action and cannot be permitted when the statute of limitations has run." *Id.*, 251 N.C. App. 712, 713, 795 S.E.2d 647, 649 (2017).

> Under the North Carolina Rules of Civil Procedure, a party may amend a pleading "once as a matter of course at any time before a responsive pleading is served[.]" N.C. Gen. Stat. § 1A-1, Rule 15(a) (2015). Amendment to substitute a party is within the scope of the rule, although doing so represents the creation of "a new and independent [cause] of action and cannot be permitted when the statute of limitations has run." If the statute of limitations has expired in the interim between the filing and the

> amendment, a plaintiff may preserve his claim only if the amendment can be said to relate back to the date of the original claim under Rule 15(c) . . ..

*Williams*, 251 N.C. App. at 717-18, 795 S.E.2d at 651-52 (internal citations omitted). As we previously iterated, our case law points to the conclusion Plaintiff's pursuit of benefits as Decedent's dependent is a separate cause of action from Decedent's. Our case law does not provide for the conclusion Plaintiff's cause of action can be said to relate back to the date of Decedent's separate cause of action where Plaintiff's cause of did not exist at the time of the filing of Decedent's cause of action, and the statute of limitations has otherwise expired as to Plaintiff's cause of action.

¶ 16 Plaintiff further contends a dependent's right to receive death benefits under the Workers' Compensation Act after a claim has been timely filed under N.C. Gen. Stat. § 97-24 is governed by N.C. Gen. Stat. § 97-38 (2019), which provides in relevant part:

> If death results proximately from a compensable injury or occupational disease and within six years thereafter, or within two years of the final determination of disability, whichever is later, the employer shall pay or cause to be paid, subject to the provisions of other sections of this Article, weekly payments of compensation . . . .

N.C. Gen. Stat. § 97-38.

¶ 17 Plaintiff contends the language of N.C. Gen. Stat. § 97-38 does not require a dependent to file a separate claim or request a hearing within two years of an

employee's death. Because Decedent's death occurred within the six years cited in N.C. Gen. Stat. § 97-38, Plaintiff argues the Industrial Commission has jurisdiction to hear Plaintiff's claim for death benefits on the merits. However, this Court has no reason to interpret N.C. Gen. Stat. § 97-24 and N.C. Gen. Stat. § 97-38 as mutually exclusive provisions. Rather, N.C. Gen. Stat. § 97-38 provides for a statute of limitations for payments to a dependent when death results proximately from a *compensable* injury. N.C. Gen. Stat. § 97-38 (emphasis added). Because timely filing is a condition precedent to compensation under N.C. Gen. Stat. § 97-24, a compensable injury would not be at issue prior to a timely filing of a claim for workers' compensation benefits. Therefore, the condition precedent specified in N.C. Gen. Stat. § 97-24 still applies to Plaintiff's filing.

## VI. Conclusion

Because an employee's death is a condition precedent for the filing of a dependent's claim for death benefits under N.C. Gen. Stat. § 97-24, a deceased employee's claim filed for workers' compensation benefits cannot serve as the dependent's "filing of a claim" for purposes of meeting the condition precedent prescribed by N.C. Gen. Stat. § 97-24 to obtain death benefits. Plaintiff did not file her own claim for compensation under the Workers' Compensation Act until 18 January 2018, more than two years after Plaintiff's cause of action arose. Plaintiff's

claim is therefore time-barred, and the North Carolina Industrial Commission lacks jurisdiction to hear it.

AFFIRM.

Judge GRIFFIN concurs.

Judge ARROWOOD dissents in a separate opinion.

Report per Rule 30(e).

ARROWOOD, Judge, dissenting.

¶ 19      I respectfully dissent from the majority's holding that the Industrial Commission lacks jurisdiction. In what appears to be an issue of first impression for our Courts, I would hold that under N.C. Gen. Stat. § 97-24(a), a dependent is not required to file a separate and distinct claim within the two-year statutory period, so long as an initial claim satisfies the limitation period.

¶ 20      "Where the language of a statute is clear and unambiguous, there is no room for judicial construction[,] and the courts must give [the statute] its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *Matter of Redmond by & through Nichols*, 369 N.C. 490, 495, 797 S.E.2d 275, 279 (2017) (citation and quotation marks omitted; alterations in original). "When, however, a statute is ambiguous, judicial construction must be used to ascertain the legislative will." *Purcell v. Friday Staffing*, 235 N.C. App. 342, 347, 761 S.E.2d 694, 698 (2014) (citation and quotation marks omitted).

¶ 21      N.C. Gen. Stat. § 97-24(a) addresses statutory limitations for the right to compensation under the Workers' Compensation Act:

> The right to compensation under this Article shall be forever barred unless (i) a claim or memorandum of agreement as provided in G.S. 97-82 is filed with the Commission or the employee is paid compensation as provided under this Article within two years after the accident or (ii) a claim or memorandum of agreement as provided in G.S. 97-82 is filed with the Commission within

> two years after the last payment of medical compensation
> when no other compensation has been paid and when the
> employer's liability has not otherwise been established
> under this Article.

N.C. Gen. Stat. § 97-24(a) (2019). Additionally, under N.C. Gen. Stat. § 97-38,

> [i]f death results proximately from a compensable injury or
> occupational disease and within six years thereafter, or within
> two years of the final determination of disability, whichever is
> later, the employer shall pay or cause to be paid . . . weekly
> payments of compensation equal to sixty-six and two-thirds
> percent . . . of the average weekly wages of the deceased employee
> at the time of the accident . . . and burial expenses not exceeding
> ten thousand dollars . . . to the person or persons entitled
> thereto . . . .

N.C. Gen. Stat. § 97-38 (2019).

¶ 22        Pursuant to the plain language of N.C. Gen. Stat. § 97-24(a), the Commission

may obtain jurisdiction where: (1) a claim or memorandum of agreement as provided

in N.C. Gen. Stat. § 97-82 is filed with the Commission within two years after an

accident; (2) an employee is paid compensation as provided under the Article within

two years after an accident; or (3) a claim or memorandum of agreement is filed with

the Commission within two years after the last payment of medical compensation

when no other compensation has been paid and when the employer's liability has not

otherwise been established under the Article.

¶ 23        The statute requires that "a claim" is filed "within two years after the

accident." N.C. Gen. Stat. § 97-24(a). Decedent complied with statutory

requirements by filing a Form 18 within two years of his injury. The plain language of the statute does not require plaintiff to file a separate claim for benefits. On these grounds, I would hold that the Full Commission erred in dismissing plaintiff's claim for death benefits.

¶ 24    Although I believe it is unnecessary in this case to engage in judicial construction to ascertain legislative intent, I disagree with the majority's application of caselaw and failure to address legislative actions that are informative of legislative intent. The majority applies the definition of "compensation" found in N.C. Gen. Stat. § 97-2 to reach the conclusion that "the timeliness of death claims is contemplated and governed by N.C. Gen. Stat. § 97-24(a)." I do not see how this definition serves to bar plaintiff's claim and override the additional timing requirements for death benefits specifically set out in N.C. Gen. Stat. § 97-38.

¶ 25    "The intent of the General Assembly may be found first from the plain language of the statute, then from the legislative history," to assess " 'the spirit of the act and what the act seeks to accomplish.' " *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citation and some quotation marks omitted). Traditional principles of statutory construction provide that " '[i]n construing a statute with reference to an amendment, it is presumed that the Legislature intended either (1) to change the substance of the original act or (2) to clarify the meaning of it.' " *Nello L. Teer Co. v. N.C. Dep't of Transp.*, 175 N.C. App. 705, 710, 625 S.E.2d 135, 138

(2006) (some quotation marks omitted) (quoting *Spruill v. Lake Phelps Volunteer Fire Dep't, Inc.,* 351 N.C. 318, 323, 523 S.E.2d 672, 676 (2000)). "While the presumption is that the legislature intended to change the law through its amendments, where the language of the original statute is ambiguous such amendments may be deemed, not as a change in the law, but as a clarification in the language expressing that law." *N.C. Elec. Membership Corp. v. N.C. Dep't of Econ. & Cmty. Dev.*, 108 N.C. App. 711, 720, 425 S.E.2d 440, 446 (1993) (citation omitted). Where the language of the original statute is unambiguous and "the legislature deletes specific words or phrases from a statute, it is presumed that the legislature intended that the deleted portion should no longer be the law." *Nello L. Teer Co.*, 175 N.C. App. at 710, 625 S.E.2d at 138 (citation omitted).

¶ 26      In this case, the statute originally stated "[t]he right to compensation under this act shall be forever barred unless a claim be filed with the Industrial Commission within one year after the accident, and if death results from the accident, unless a claim be filed with the Commission within one year thereafter." *Wray v. Carolina Cotton & Woolen Mills Co.*, 205 N.C. 782, 783, 172 S.E. 487, 488 (1934) (quotation marks omitted) (quoting Pub. Laws 1929, c. 120, § 24). In 1955, the statute was modified to allow two years to file a claim following an accident, while the requirement to file a separate claim for death benefits within one year of the date of death was maintained. S.L. 1955-1026, § 12. In 1973, the General Assembly again

amended N.C. Gen. Stat. § 97-24(a) by removing the language requiring that a separate claim be filed for death benefits. S.L. 1973-1060, § 1.

By deleting the words "if death results from the accident, unless a claim be filed with the Commission within one year thereafter," I believe the General Assembly expressed its clear intent that a separate claim for death benefits is *not* required and that an employee's filing of a claim within two years after the accident is sufficient for the Industrial Commission to acquire jurisdiction over a subsequent claim for death benefits. If the General Assembly intended to maintain a separate filing requirement for death benefit claims, it would have maintained the language requiring the filing of a separate death benefit claim and increased the limitation period from one to two years. The majority's analysis relies on the definition of "compensation" found in N.C. Gen. Stat. § 97-2 and several cases addressing claims under the Workers' Compensation Act but fails to address the legislative history of the operative statute itself. Accordingly, in applying traditional principles of statutory construction, I would hold that the General Assembly intended to remove the requirement to file a separate death benefits claim within a specified period.

In addition to my analysis of the plain language and judicial construction of the statute, I find it appropriate to consider the context of a civil wrongful death claim. While this analysis is not controlling in the worker's compensation context, I believe how we treat those claims is instructive in how we should view this situation.

Prior to our State's amendment of the Rules of Civil Procedure in 1967, it was "a familiar principle that if a wrongful death action was brought by a foreign personal representative who had not qualified locally within the period permitted for bringing the action, the complaint could not be amended to show that after the expiration of such period the plaintiff had locally qualified[,]" and was instead "dismissed as not having been timely filed." *Burcl v. N.C. Baptist Hosp., Inc.*, 306 N.C. 214, 218, 293 S.E.2d 85, 88 (1982) (citation omitted). The *Burcl* Court held that "[w]hether an amendment to a pleading relates back under Rule 15(c) depends no longer on an analysis of whether it states a new cause of action; it depends, rather, on whether the original pleading gives 'notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.' " *Id.* at 224, 293 S.E.2d at 91 (citation omitted). The Court also noted the Official Comment to North Carolina Rule 15(c), which provides in part: "[t]he amended pleading will therefore relate back if the new pleading merely amplifies the old cause of action, or now even if the new pleading constitutes a new cause of action, provided that the defending party had originally been placed on notice of the events involved." *Id.* (citation and quotation marks omitted).

¶ 29        Wrongful death claims, while creatures of a different statutory scheme than is at issue in this case, address similar subject matter and are bound by similar principles. Although I believe the plain language and legislative history of the

Workers' Compensation Act are sufficient grounds for reversal, the principles contained within our wrongful death jurisprudence are instructive, and support a holding that is in line with those principles.